UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SEAN M. DONAHUE,
    Plaintiff

v.

HAZLETON CITY POLICE
DEPARTMENT, ET AL.,
    Defendants

CIVIL ACTION NO. 3:13-CV-1284

(JUDGE NEALON)
(MAGISTRATE JUDGE BLEWITT)

FILED
SCRANTON
JUL 3 0 2013
PER _____
DEPUTY CLERK

MEMORANDUM

On May 9, 2013, Plaintiff, Sean M. Donahue, who was confined[1] in the Luzerne County Correctional Facility ("LCCF"), Wilkes-Barre, Pennsylvania filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). The complaint names as Defendants: the Hazleton City Police Department; Judge Fred A. Pierantoni, III; District Magisterial Judge Joseph Zola; District Magisterial Judge O'Donnell; Lieutenant Lenard and Lieutenant Zipovsky of the Hazleton Police Department; and George R. Zaises, a representative of the Pennsylvania Attorney General. (Id.). Plaintiff alleges that the police issued media statements claiming that due to his military experience, it was necessary to arrest Plaintiff and to use special tactics. (Id.). The complaint alleges that the police reported that Plaintiff was going to set off IEDs around town and that Defendant Lenard compared the raid on Plaintiff's home to the raids Defendant Lenard had conducted in Iraq and Afghanistan. (Id.). For relief, Plaintiff seeks, inter alia, the dismissal of his pending criminal charges and his immediate release, the transfer of his criminal case to federal court, the arrest of Defendant Lenard, a restraining order against the Hazleton Police Department, the issuance of a kevlar vest and firearms, and monetary damages. (Id.). Plaintiff filed a motion for leave to proceed in forma pauperis on May 24, 2013. (Doc. 3).

---

[1] Plaintiff has since been released on bail. See (Docs. 6, 8).

Pursuant to the screening requirements of the Prison Litigation Reform Act, Magistrate Judge Thomas M. Blewitt reviewed the complaint. See (Doc. 7) (citing Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996); 28 U.S.C. § 1915[2]). On June 4, 2013, Magistrate Judge Blewitt issued a Report and Recommendation ("R&R") recommending that the complaint be dismissed with prejudice, in its entirety, and that the motion for leave to proceed in forma pauperis be granted for the sole purpose of filing this action. (Id.). On June 13, 2013, Plaintiff filed a motion for the appointment of counsel, which includes an "objection to dismissal." (Doc. 9). The objection states:

> I, Sean M. Donahue, object to the dismissal of the above captioned docket. Doing so will allow an injustice to go unchecked simply because I do not have an attorney representing me in this matter. I am a layman of the law and am willing to change the relief requested but I want the matter to be heard by a jury.

(Id.). The motion/objection is dated June 7, 2013, two days after the R&R was mailed to Plaintiff's new address. (Id.).[3] No other objections have been filed and, for the reasons set forth below, the R&R will be adopted.

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. See Henderson v. Keisling, 386 Fed. Appx. 164, 166 (3d

---

[2]Title 28 U.S.C. § 1915(e)(2)(B) states: "the court shall dismiss the case at any time if the court determines that-- ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

[3]Between April 22, 2013, and June 11, 2013, Plaintiff filed twenty-three (23) civil rights complaints. He filed an identical motion/objection in nineteen of those cases. See e.g. Donahue v. Luzerne County Correctional Facility, et al., No. 13-cv-1271 at (Doc. 14) (M.D. Pa. 2013).

2

Cir. 2010) (explaining that "only those 'specific objections' made by [the plaintiff] must be separately considered by the District Court"), citing Goney v. Clark, 749 F.2d 5, 67 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). The written objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3. In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. See Sanders v. Downs, 2013 U.S. Dist. LEXIS 89743, *8-9 (M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of the R&R to which specific objections are made de novo, while the "remainder of the R&R is reviewed for clear error"); Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

**Discussion**

In the instant action, Plaintiff's "objection to dismissal" contains no specific objection to any portion of the R&R. Accordingly, the R&R is reviewed for clear error.

The R&R thoroughly outlines the required elements of a section 1983 action and explains that each named defendant must be shown to be personally involved in the alleged constitutional deprivations. (Doc. 7, pp. 4-5). As to the Hazleton City Police Department, Magistrate Judge Blewitt determines that Plaintiff must proceed under a theory of municipal liability. (Id. at pp. 7-

3

9) (citing Monell v. Department of Social Servs., 436 U.S. 658, 691 (1978)). The Magistrate Judge concludes that Plaintiff has not stated a Monell claim because the complaint fails to allege that Hazleton City is a governmental entity and thus a "person" under section 1983, or allege that either a policy or lack of policy of Hazleton City led to a violation of the Plaintiff's constitutional rights. (Id.) (quoting Kokinda v. Breiner, 557 F. Supp. 2d 581, 591 (M.D. Pa. 2008) (Caputo, J.)). Further, Magistrate Judge Blewitt reasons that "Plaintiff has not even properly stated that the Hazleton City Police violated any of his constitutional rights by arresting him and allegedly making the statements to the media." (Id.). The Magistrate Judge recommends that Defendant Hazleton City Police Department be dismissed with prejudice and finds futility in allowing an amended complaint. (Id.). Next, the R&R explains the doctrine of judicial immunity and recommends the dismissal of Judge Fred A. Pierantoni, III, District Magisterial Judge Joseph Zola, and District Magisterial Judge O'Donnell. (Doc. 7, pp. 9-12) (quoting Clark v. Conahan, 737 F. Supp. 2d 239, 249 (M.D. Pa. 2010) (Caputo, J.)). Magistrate Judge Blewitt determines that it would be futile to afford Plaintiff an opportunity to file an amended complaint against any of the judicial Defendants. (Id.) (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002)). The Magistrate Judge concludes that Defendant Zaises should also be dismissed with prejudice, finding futility in allowing an amendment, because he is protected by prosecutorial immunity.[4] (Doc. 7, pp. 13-18) (quoting Light v. Haws, 472 F.3d 74, 77-78 (3d Cir. 2007)). Magistrate Judge Blewitt recognizes that a prosecutor is not immune from requests for injunctive relief, but decides that Plaintiff has failed to seek any proper injunctive relief.

---

[4]The R&R further notes that Plaintiff fails to state any personal involvement by Defendant Zaises. (Doc. 7, p. 13) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998)).

4

(Id.). The R&R explains that the Anti-injunction Act prohibits this Court from interfering with a pending state criminal case. (Id.), citing 28 U.S.C. §2283; Younger v. Harris, 401 U.S. 37, 41 (1971); Keys v. Pennsylvania, 2011 U.S. Dist. LEXIS 19928 (M.D. Pa. 2011) (Blewitt, M.J.), adopted by, 2011 U.S. Dist. LEXIS 18750 (M.D. Pa. 2011) (Nealon, J.); In re Madera, 2008 U.S. Dist. LEXIS 11847 (E.D. Pa. 2008). Accordingly, the Magistrate Judge finds that Plaintiff's request for the dismissal of his pending criminal charges, the transfer of his Luzerne County case to federal court, and a restraining order against the Hazleton City Police Department[5] should be dismissed. (Id. at pp. 16-17, 20). To the extent Plaintiff seeks his release from confinement, Magistrate Judge Blewitt states that this request should be raised in a habeas corpus petition after Plaintiff fully exhausts all of his state court remedies. (Doc. 7, pp. 20-21), citing 28 U.S.C. § 2254; Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). Additionally, the Magistrate Judge determines that this Court cannot issue protective gear and weapons. (Id. at p. 16) (citing Tinsley v. Adams, 248 Fed. Appx. 309 (3d Cir. 2007)). Finally, Magistrate Judge Blewitt finds that the complaint fails to allege the personal involvement of Defendant Zipovsky, and that the reference to Defendant Lenard does not allege that he violated Plaintiff's constitutional rights. (Doc. 7, pp. 18-19) (citing Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005)). The Magistrate Judge concludes that Plaintiff also fails to allege that he suffered any harm by either Defendant's actions. (Id.). To the extent Plaintiff requests relief in the form of the arrest of Defendant Lenard, the R&R explains that this Court cannot grant such relief. (Doc. 10, pp. 26-27) (citing Conception v. Resnik, 143 Fed. Appx. 422, 425-26 (3d Cir. 2005)). Magistrate Judge Blewitt

---

[5]The R&R notes that Plaintiff also fails to meet any of the necessary elements or include any relevant facts to justify the issuance of a restraining order. (Doc. 7, p. 20) (citing Ecri v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987)).

recommends that these remaining two Defendants be dismissed with prejudice and without leave to amend. (Id. at p. 19) (citing Grayson, 293 F.3d at 111).

Having reviewed the R&R for clear error and finding none, this Court will adopt the R&R in its entirety. The complaint will be dismissed with prejudice and without leave to amend. Also, Plaintiff's motion for leave to proceed in forma pauperis will be granted for the sole purpose of filing this action.

A separate order will be issued.

Date: July 30, 2013

_____
**United States District Judge**